# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN CLEVANT MCGOWAN, SR., | ) ) | CASE NO. 5:21-CV-2015 |
| | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| Petitioner, | ) | |
| | ) | MAGISTRATE JUDGE |
| vs. | ) | JENNIFER DOWDELL ARMSTRONG |
| | ) | |
| WARDEN WILLIAM COOL, | ) | **OPINION AND ORDER ADOPTING** |
| | ) | **MAGISTRATE'S REPORT AND** |
| Respondent. | ) | **RECOMMENDATION** |

On October 26, 2021, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1). On April 25, 2024, Magistrate Judge Jennifer Dowdell Armstrong submitted a Report and Recommendation ("R&R"), recommending that the Court deny the petition and not grant Petitioner a certificate of appealability. (ECF No. 13).

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to an R&R within fourteen (14) days after service. Petitioner filed a motion requesting an extension of time to file his objections on May 21, 2024. (ECF No. 14). Petitioner's motion indicated that he received the R&R on May 7, 2024 and his motion was postmarked May 13, 2024. (*Id*. at PageID #1398 & 1401). Finding that his motion for extension was timely, the Court granted Petitioner an extension of time until June 28, 2024 to file any objections. (Order [non-document] dated 05/21/2024).

A district court must conduct a *de novo* review of the portions of the R&R to which the parties objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt an R&R without further review. *See Peretz v. US*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42, 149–50 (1985). Petitioner's objections were filed on July

1

2, 2024. (ECF No. 15). However, the objections were dated June 24, 2024 and postmarked on June 25, 2024, so the Court accepts them as timely. (*Id*. at PageID #1405–06). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004).

Petitioner's objection filing alleges that denial of an evidentiary hearing will result in a fundamental miscarriage of justice. (ECF No. 15, PageID #1402–03). The Magistrate Judge's R&R does not address whether Petitioner is entitled to an evidentiary hearing, so Petitioner's objection regarding an evidentiary hearing is improper.

Petitioner also challenges the Magistrate Judge referencing, "McGowan's direct appeal and saying McGowan argues in his direct appeal." (ECF No. 15, PageID #1403). Petitioner argues that this reference is an error because an attorney represented him during his direct appeal. (*Id*.). Upon review of the R&R, the Magistrate Judge specifies that Petitioner was represented by counsel on his direct appeal. (ECF No. 13, PageID #1373). Thus, Petitioner's objection has no merit. As the remainder of Petitioner's objection filing is a general objection that restates arguments previously presented and considered, Petitioner's objections are overruled.

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R, incorporates it fully herein by reference, and **DENIES** the Petition. The Court also finds that there is no basis upon which to issue, and will not issue, a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c). The Court certifies that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: November 7, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**